UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

                Petitioner,

    -against-

HIS ASSASSINS,

                Respondent.

25-CV-2958 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his ongoing criminal proceedings, arising from an October 10, 2024 arrest, in New York Supreme Court, Bronx County. By order dated April 17, 2025, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition without prejudice for the reasons set forth below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Petitioner seeks to challenge his ongoing criminal proceedings in this Section 2254 petition. This application is Petitioner's fifth Section 2254 petition filed in this court. *See, e.g.*, *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-3528 (LTS) (S.D.N.Y. Apr. 30, 2025) (Section 2254 petition dismissed as duplicative of the instant action); *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-2979 (S.D.N.Y.) (LTS) (Section 2254 petition filed on Apr. 8, 2025, challenging ongoing Bronx County criminal proceedings); *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Apr. 1, 2025) (Section 2254 petition construed as brought under Section 2241, and denied for failure to exhaust state court remedies); *Milchamot v. Chief, Bronx Dist. Attorney*, No. 24-CV-9295 (LTS) (S.D.N.Y. Jan. 13, 2025) (Section 2254 petition denied because Section 2254 does not apply in cases where a defendant is awaiting trial; declined to construe submission as a Section 2241). Petitioner also filed a notice of removal, seeking to remove his criminal case to this court.[1] *See People of New York v. Milchamot*, ECF 1:24-CV-9296, 1 (S.D.N.Y. Dec. 16, 2024) (remanding Petitioner's case to state court).

This new submission is dismissed for the reasons stated in the Court's January 13, 2025 order in the *Milchamot*, No. 24-CV-9295 case. First, the Court denies Petitioner's Section 2254 petition because Section 2254 does not apply in cases where a defendant has not been convicted. *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction to hear a Section 2254 petition filed on "behalf of a person in custody pursuant to the judgment of a State court"). Because a judgment of conviction has not been entered in Petitioner's state court matter, Petitioner cannot challenge his

---

[1] Petitioner did not identify the criminal case he sought to remove.

2

criminal proceedings in a Section 2254 petition. Moreover, before Petitioner can seek federal *habeas* relief, in addition to being in custody pursuant to a judgment of conviction, Petitioner first must exhaust all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Second, the Court declines to construe this petition as a *habeas corpus* petition brought under Section 2241, which is the proper vehicle to challenge the constitutionality of pretrial detention, *see, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))), because Petitioner does not allege any facts suggesting that he exhausted his state court remedies before filing this petition.[2] Even if Petitioner did exhaust his remedies before filing this action, he does not state any facts suggesting that this Court should intervene in his ongoing criminal proceedings under the *Younger* doctrine.[3]

For these reasons, the Court denies the Section 2254 petition and declines to construe it as a Section 2241 petition. Any challenges Petitioner seeks to assert must be raised in his ongoing criminal proceedings.

---

[2] Exhaustion of state court remedies is required under Section 2241. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

[3] In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

The warning issued in Judge Cronan's March 31, 2025 order remains in effect. As stated in that order, Judge Cronan warned Petitioner

> that further vexatious, frivolous, or otherwise nonmeritorious *habeas corpus* litigation may result in an order barring him from filing any future *habeas corpus* action in the U.S. District Court for the Southern District of New York challenging his pretrial detention unless he receives prior permission from the Court. *See* 28 U.S.C. § 1651.

ECF 1:25-CV-1157, 9, at 5. Judge Cronan also warned Petitioner that, because the language used in his prior petitions was "an abuse of the judicial process and . . . entirely irrelevant to the issues raised in the petition, . . . further language of that nature towards the judges of this District in his filings may result in sanctions being imposed against him." *Id.* at 6.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice. The Court declines to construe the petition as brought under 28 U.S.C. § 2241.

The Court directs the Clerk of Court to terminate all motions in this matter.

The warning issued in *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Apr. 1, 2025) remains in effect.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: May 27, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge